In the Matter of the Probate of the Alleged Last Will and Testament of MARGARET D. BREWER, Deceased.

Surrogate's Court, New York County, December, 1922.

**Wills — excision of signature — marginal statement — intent to revoke — intestacy.**

Decedent's will was found with her signature torn off, and on the margin in her handwriting over her signature were written the following words: " Removed

name signature from will with intent to change will since my brother, W. A. Dryden's death." The will provided for every contingency in case of her brother's death. It is contended that the written words in the margin show an intent to change and not an intent to revoke. *Held*, that the act of cancellation or obliteration was performed by the testatrix *animo revocandi* and that she died intestate.

PROCEEDING to probate a will.

*Stotesbury & Miner*, for petitioner.

*Nicholas A. Donnelly*, for Harriet Dryden.

COHALAN, S.   A will is found after death among the testatrix's effects with the signature torn off and the words written on the margin in the handwriting of the testatrix:   " Removed name signature from will with intent to change will since my brother, W. A. Dryden's death.   M. D. Brewer."

Had these words not been written there would have been no question under the authorities but that a revocation had been accomplished.   But the point is made and urged that the written words of the testatrix show an intent to " change," that such is not an intent to revoke and that, therefore, under section 34, subdivision 2, Decedent Estate Law, there is not a revocation of the will because the cancellation or obliteration was not coupled with the intention to revoke.

The will as executed provided for every contingency that might arise because of the prior death of the testatrix's brother.   The specific legacy to him, the gift of a portion of the residue to him, his nomination as executor were all coupled with further and alternative provisions if he predeceased the testatrix.   The will did not have to be altered a single iota unless the testatrix contemplated, as I am convinced she did, the destruction of that will and the making of a new one.   Bearing in mind then the provisions of said will I have no difficulty in spelling out from the excision of the signature by the testatrix and her written statement that she intended to " change " the will, an intention to revoke the same. I hold that the act of cancellation or obliteration was performed by the testatrix *animo revocandi* and, therefore, she died intestate.

Submit decree and tax costs on notice.

Decreed accordingly.